

# THE ATTORNEY GENERAL

## OF TEXAS

Gerald C. Mann

~~PRICE DANIEL~~

ATTORNEY GENERAL

AUSTIN, TEXAS

Honorable C. Woodrow Laughlin
County Attorney
Jim Wells County
Alice, Texas

Dear Sir:

Opinion No. O-5177
Re: Under the facts submitted what
disposition should be made of
excess money received at a tax
sale in Jim Wells County, Texas?

Your letter of April 1, 1943, requesting the opin-
ion of this department on the above stated question reads in
part as follows:

"On January 1, 1923, the District Clerk of
Jim Wells County delivered to the District Clerk-
elect the sum of $134.18, which represented ex-
cess money received at a tax sale. There is no
notation in the records as to what particular
cases this amount of money covers.

"The District Clerk of this county has writ-
ten the State Comptroller upon several occasions
requesting permission to give this money to the
State, but in the absence of the information that
this money came from some particular case, he has
failed to accept the same.

"I am inclined to believe that under Article
7328, Revised Civil Statutes of Texas, the State
Treasurer should accept this money. If you feel
that I should file suit under the Pacheat Law in
behalf of the State of Texas, please advise me and
I will proceed accordingly.

". . . ."

Article 7328, Revised Civil Statutes, provides in part:

"The proper persons, including all record
lien holders, shall be made parties defendant in
such suit, and shall be served with process and
other proceedings had therein as provided by law
in ordinary foreclosure suits in the district
courts of this State; and in case of foreclosure
an order of sale shall issue and the land sold
thereunder as in other cases of foreclosure; but
if the defendant or his attorney shall, at any
time before the sale, file with the officer in

whose hands any such order of sale shall be placed, a written request that the property described therein shall be divided and sold in smaller tracts than the whole, together with the description of such smaller tracts, then such officer shall sell the lands in such subdivisions as defendant may request, and in such case shall sell only as many subdivisions, as near as may be, as are necessary to satisfy the judgment, interest, penalty and costs; and after the payment of the taxes, interest, penalty and costs adjudged against it, the remainder of the purchase price, if any, shall be paid by the sheriff to the clerk of the court out of which said execution or other final process issued to be retained by him subject to the order of the court for a period of two years, unless otherwise ordered by the court, after which time the court may order the same to be paid to the State Treasurer, who shall hold same in trust to be paid to the owner against whom said taxes were assessed; provided, any one claiming the same shall make proof of his claim to the satisfaction of the State Treasurer within three years after the sale of said land or lots, after which the same shall be governed by the law regulating escheat. . . ."

In view of the foregoing statute it is our opinion that the District Court should enter an order directing the District Clerk to pay the abovementioned money to the State Treasurer.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams
Ardell Williams
Assistant

APPROVED APR. 7, 1943
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

AW:mp:jrb

APPROVED OPINION COMMITTEE
BY BWB, Chairman